Beck et al. *v.* Rainey.

## John Beck et al. *vs.* B. G. Rainey.

R. filed his bill in the chancery court, in which he alleged that J. B., a resident of the State of Arkansas, died in that State in the year 1843, possessed of considerable personal property, upon whose estate no legal administration was granted, but that the defendants, residing in this State, brought the property here, and some of them took out letters of administration upon the estate, which were afterwards declared void; that the defendants, (among whom are the widow and children of J. B.,) after his death, removed the property to Texas where they kept it for about two years, receiving the hire and profits of it, and afterwards brought it to this State again and divided it among themselves. The bill further charges that the defendants obtained

possession, run off, sold, and disposed of said property fraudulently, and intending to defeat the claim of complainant (R.) and other creditors of the estate; and the bill prays for a discovery of the amount of property each defendant received, also for an account to be taken of the sum due complainant from the estate of the said J. B., and for a decree against the defendants for the amounts received, to be paid out of the property in their hands belonging to the estate. *Held,* that no circumstance whatever of an equitable nature is shown, nor reason alleged, why the remedy was not adequate at law, and therefore the bill cannot be sustained.

The general charge of fraud and confederation is insufficient for that purpose, as each defendant is sought to be made liable only for such portion of the property as he may have converted to his own use.

The prayer for an injunction is not sufficient to give jurisdiction, for it does not appear but that the defendants were able to pay the amounts that might have been recovered against them respectively, without resort to the property; and no effort was made to obtain an injunction, and none was issued.

In error from the district chancery court at Hernando; Hon. Henry Dickinson, vice-chancellor.

The facts of the case are contained in the opinion of the court.

*D. Mays,* for appellants.

*Glenn* and *Cushman,* for appellee.

Mr. Justice HANDY delivered the opinion of the court.

This was a bill filed in the district chancery court at Hernando, by the appellee, a creditor of one Jeffrey Beck, deceased, against the plaintiffs in error.

It is alleged that Jeffrey Beck resided in the State of Arkansas, and died there in the year 1843, possessed of considerable personal property, slaves, horses, cattle, &c., in his own right, and that there has never been any legal administration granted on his estate; that the defendants, residing in this State, brought the property to this State, and some of them took out letters of administration upon the estate, which were declared void; that the defendants, among whom are the widow and children of Jeffrey Beck, after his death, removed the property to Texas, where they kept it for about two years, receiving

Beck et al. *v.* Rainey.

the hire and profits of it, and afterwards brought it to this State and divided it among themselves. The bill charges that the defendants obtained possession, run off, and sold and disposed of said property fraudulently, and intending to defeat the claim of the complainant and other creditors of the estate.

The prayer is for discovery by each of the defendants as to what portion of the property he has received, and to whom it has been sold, and its value, and who received the proceeds thereof; also for an account to be taken of the sum due the complainant by the intestate, and the value and amount of the property received by each of the defendants, by the sale, use, or hire of the property, and for a decree against them for the amounts to be paid out of the property in their hands belonging to the estate.

The answers admit many of the allegations of the bill, but they deny the jurisdiction of the court to grant the relief sought, and rely on the statutes of limitations in bar of the demand.

An account of the complainant's claim was taken in the chancery court, and a decree was rendered that the defendants pay the debt reported to be due to the complainant.

There is but one question necessary to be considered on this record. The bill shows nothing but a demand of a creditor of an intestate against parties who have converted the property of the estate to their own use, a mere effort to make such parties liable as executors *de son tort*. No circumstance whatever, of an equitable nature, is shown, nor reason alleged why the remedy was not adequate at law. The general charge of fraud and confederation is insufficient for that purpose, for each defendant is sought to be made liable only for such portion of the property as he may have converted to his use. Nor is the prayer for an injunction to prevent the removal of the property sufficient to give jurisdiction, for it does not appear but that the defendants were able to pay the amounts that might be recovered against them respectively, without resort to the property, and no effort was made to obtain an injunction, and none was issued.

For aught that appears in the bill, the remedy was entirely

10*

adequate at law, and no ground for equitable interference is shown.

The decree is, therefore, reversed, and the bill dismissed.